**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JENNIFER JONES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HOME SECURITY OF AMERICA, INC.,

Defendant.

Case No.

**DEFENDANT HOME SECURITY OF AMERICA, INC.'S NOTICE OF REMOVAL**

Removed from the Circuit Court of St. Louis County, Missouri, Twenty-First Judicial Circuit, Cause No. 26SL-CC04688

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendant Home Security of America, Inc. ("Defendant" or "HSA") removes this putative class action from the Circuit Court of St. Louis County, Missouri, Twenty-First Judicial Circuit, to the United States District Court for the Eastern District of Missouri, Eastern Division. This Court has original jurisdiction under CAFA because this is a putative class action in which the proposed class exceeds 100 members, at least one member of the proposed class is a citizen of a State different from HSA, and the amount placed in controversy by the Petition's own allegations exceeds $5 million, exclusive of interest and costs. In support of removal, HSA states as follows:

## I. TIMELINESS OF REMOVAL

1. On or about July 6, 2026, Plaintiff Jennifer Jones ("Plaintiff") commenced a putative class action captioned *Jones v. Home Security of America, Inc.*, No. 26SL-CC04688, in the Circuit Court of St. Louis County, Missouri (the "State Court Action"), by filing a Class Action Petition (the "Petition" or "Pet."). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Petition, Plaintiff's Notice of Appearance, Plaintiff's Request for Appointment of Process Server, Notice of Dismissal, Plaintiff's Request for Appointment of Special Process Server – Corrected, the executed Request for Appointment of Special Process Server – Corrected, Summons for Personal Service, Affidavit of Service, and the state court docket sheet are attached to this notice of removal. *See* Declaration of Christopher A. Smith ("Smith Decl.") Exs. A–I.

2. Plaintiff served HSA through its registered agent for service of process on July 10, 2026. *See* Smith Decl. Exs. A, H. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(1), because it is filed within 30 days after service was completed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## II. BACKGROUND

3. The Petition asserts four counts against HSA: (1) violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*; (2) conversion; (3) negligent misrepresentation; and (4) unjust enrichment. Smith Decl., Ex. A ("Pet.") ¶¶ 53–99. Plaintiff alleges that HSA continued to charge customers for home warranty coverage after they attempted to cancel, including by charging payment cards allegedly provided only for one-time trade service call fees. *Id.* ¶¶ 6–35.

4. Plaintiff seeks to represent a putative class defined as: "All citizens of the State of Missouri who: (1) attempted to cancel their HSA Home Warranty policy by telephone or in

writing; and (2) were subsequently charged by HSA on any payment method after their cancellation request, including but not limited to payment methods provided solely for the purpose of paying a trade service call fee and not authorized for ongoing subscription payments." *Id.* ¶ 38.

5. The Petition prays for, among other relief, "compensatory, statutory, treble, and/or nominal damages" for each class member, injunctive and declaratory relief, restitution, disgorgement, punitive damages, interest, and attorneys' fees and costs. *Id.* ¶¶ 70, 75, 99 & Prayer for Relief.

**III. THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA**

6. Removal is permitted by CAFA, 28 U.S.C. § 1332(d), because there is minimal diversity between Plaintiff and Defendant; Plaintiff alleges at least 100 class members; and the combined claims of all class members, as alleged by the Petition, exceed $5 million, exclusive of interest and costs. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *accord Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023).

7. HSA denies Plaintiff's factual allegations and denies that she is entitled to any relief. However, based on the allegations in the Petition, all requirements for federal jurisdiction under CAFA have been met and this Court has original jurisdiction over this matter. In particular, by averring the amount in controversy for purposes of removal, HSA is not conceding that Plaintiff is entitled to any monetary recovery. *See, e.g.*, *Bell v. Hershey Co.*, 557 F.3d 953, 957–58 (8th Cir. 2009) (removing party need not "establish the amount in controversy by a legal certainty"); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (explaining that for

purposes of the removal analysis, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties").

**A. Plaintiff Asserts the Putative Class Contains More Than 100 Members**

8. CAFA grants district courts original jurisdiction over a "class action," which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Under CAFA, the number of members of the class cannot be less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff plainly seeks to bring a class action that contains more than 100 members.

9. First, this action falls within the definition of a "class action" for CAFA purposes. The Petition is expressly brought as a class action under Missouri Supreme Court Rule 52.08 (*see* Pet. ¶ 37), which authorizes an action to be brought by one or more representatives as a class action. Missouri "Rule 52.08 is analogous to Rule 23" of the Federal Rules of Civil Procedure. *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 899 (8th Cir. 2017). It is therefore a "class action" within the meaning of 28 U.S.C. § 1332(d) and is removable under 28 U.S.C. § 1453(b).

10. Second, the Petition alleges that "the proposed Class number[s] in the hundreds or thousands, if not more." Pet. ¶ 41. On the face of the Petition, the proposed class exceeds the 100-member threshold of 28 U.S.C. § 1332(d)(5)(B).

**B. Minimal Diversity Exists**

11. Under CAFA, sufficient diversity of citizenship exists for purposes of federal jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

12. For purposes of a jurisdictional analysis, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). HSA is a Wisconsin corporation with its principal place of business in Tennessee. *See* Pet. ¶ 2. HSA is therefore a citizen of Wisconsin and Tennessee. *Id.*

13. Plaintiff alleges that she is a citizen of Missouri, residing in St. Louis County. *Id.* ¶ 1. Further, the proposed class is limited to "citizens of the State of Missouri." *Id.* ¶ 38. As a result, there is sufficient minimal diversity between Defendant HSA and at least one member of the putative class on the face of the Petition.

**C. By her Petition, Plaintiff Alleges an Amount in Controversy Exceeding $5 Million**

14. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all putative class members. *Id.* § 1332(d)(6).

15. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; evidentiary submissions are required only if the plaintiff or the court contests the allegation. *Dart Cherokee*, 574 U.S. at 89. The jurisdictional question "is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)); *see also Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

16. HSA denies any liability in this case and intends to vigorously oppose class certification—and expressly reserves all its rights to do so. But, for purposes of the jurisdictional requirements for removal only, the Petition's own allegations place well over $5 million in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of individual class

members set forth in the Petition are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000"). Plaintiff's MMPA claim alone places more than $5 million in controversy.

17. First, Plaintiff alleges that she and the putative class are entitled to "an award of actual damages, punitive damages, and reasonable attorneys' fees" for violation of the MMPA. Pet. ¶ 70; *see id.* Prayer for Relief (claiming entitlement to "compensatory, statutory, treble, and/or nominal damages" and "reasonable attorneys' fees"). HSA allegedly charged Plaintiff at least $1,960 in unauthorized post-cancellation charges, which Plaintiff alleges are continuing to accrue at "more than $118.58 each month." *Id.* ¶¶ 11, 28. Plaintiff also alleges that her "claims are typical of the claims of the members of the proposed Class." *Id.* ¶ 42. Using the Petition's most conservative per-member figure of $1,960 and a conservative assumed class of 750 members—well within the putative class of "hundreds or thousands, if not more" (*id.* ¶ 41)—the compensatory damages placed in controversy by the allegations in the Petition are at least $1,470,000.

18. Second, Plaintiff seeks punitive and treble damages. *Id.* ¶ 70 & Prayer for Relief. It "is undisputed that punitive damages may be awarded for egregious violations of the MMPA." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019); *see* Mo. Rev. Stat. § 407.025.1. Where punitive damages are pleaded in the complaint, they can properly be considered in the amount-in-controversy analysis. *See Carr v. Dierbergs Markets, Inc.*, 2026 WL 828813, at *3–4 (E.D. Mo. Mar. 25, 2026) (citing cases). Missouri law permits punitive damages of up to five times the net amount of the judgment, Mo. Rev. Stat. § 510.265.1(2), and the Eighth Circuit has affirmed punitive damages awards where "the ratio of the collective punitive damages to the collective actual damages" was even greater than 5:1. *Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024, 1026 (8th Cir. 2000); *see Carr*, 2026 WL 828813, at *6 (applying punitive

damages cap of five times the net judgment). The amount in controversy is measured by the relief the Petition demands, and inclusion of that demand "does not concede its validity." *Raskas*, 719 F.3d at 887–88; *see Dart Cherokee*, 574 U.S. at 89. Using a punitive damages ratio of 2:1 for purposes of this removal—well within the allowed amount under Missouri and Eighth Circuit law and consistent with the treble damages referenced in the Prayer for Relief—alleged punitive damages place another $2,940,000 in controversy.

19. The Petition also seeks attorneys' fees (*see* Pet. ¶¶ 70, 75, 99 & Prayer ¶ (f)), which the MMPA authorizes (*see* Mo. Rev. Stat. § 407.025). Statutory attorneys' fees are properly included in the amount in controversy under CAFA. *See Pirozzi*, 938 F.3d at 984 (MMPA class action); *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621–22 (8th Cir. 2018) (MMPA class action). Courts in this District have recognized that fee awards of up to 40 percent of the class recovery are possible, but a conservative one-third benchmark is routinely used. *See Carr*, 2026 WL 828813, at *5–6 (40% attorneys' fee award used in calculating amount in controversy); *Embry v. T. Marzetti Co.*, 2020 WL 5291933, at *2–3 (E.D. Mo. Sept. 4, 2020) (same). A one-third fee on the punitive and compensatory damages claimed by the Petition adds $1,470,000, for a total of at least $5,880,000 in controversy—exceeding the $5 million threshold.

| **Category** | **Estimated Amount** |
|---|---|
| Alleged compensatory damages for each class member | $1,960.00 |
| Conservative alleged number of class members, based on Plaintiff's allegations | 750 |
| Total compensatory damages, based on Plaintiff's allegations | $1,470,000 |
| Total punitive damages (conservative 2:1 ratio), based on Plaintiff's allegations | $2,940,000 |
| 33% increase for alleged attorneys' fees | $1,470,000 |

| **Category** | **Estimated Amount** |
|---|---|
| **Total compensatory damages, punitive damages, and attorneys' fees estimate based on Plaintiff's allegations** | **$5,880,000** |

20. The Petition also seeks injunctive and declaratory relief compelling HSA to cease the billing practices alleged. Pet. ¶¶ 51, 75, & Prayer for Relief ¶ (e). The value or cost of injunctive relief can also be considered in evaluating whether CAFA's $5 million threshold is met. *See, e.g.*, *Hiedger v. Coca-Cola Co.*, 2024 WL 449801, at *2–3 (E.D. Mo. Feb. 6, 2024) (value of injunctive relief exceeded $4,147,000). The value of this injunctive relief therefore would further increase the amount in controversy.

21. HSA denies that it is liable to Plaintiff or the proposed class, denies that Plaintiff or any class member is entitled to any of the relief demanded, denies that treble or punitive damages are recoverable, and denies that any class may properly be certified. This Notice measures the amount in controversy solely by the Petition's allegations and demands, as CAFA requires, and is not an admission of liability, damages, or the propriety of class treatment.

22. Because Defendant has met its burden to establish CAFA's basic requirements are met, the case is removable. Plaintiff cannot meet her burden of establishing any exception to CAFA jurisdiction. *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021). Because any doubts are resolved against remand, removal is proper. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017).

## IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

23. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a. this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b. Plaintiff alleges that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c. the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

d. a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

24. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

25. Venue is proper in this Court because the United States District Court for the Eastern District of Missouri, Eastern Division, embraces St. Louis County, Missouri, where the State Court Action is pending. 28 U.S.C. §§ 105(a)(1), 1441(a).

26. HSA is the sole defendant, so no other defendant's consent is required. In any event, a class action "may be removed by any defendant without the consent of all defendants." *Id*. § 1453(b).

27. Upon filing the Notice of Removal, HSA will provide written notice to Plaintiff's counsel and will file a copy of this Notice with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

28. By filing this Notice of Removal, HSA does not waive, and expressly reserves, all defenses, objections, and motions available to it, including without limitation all defenses under Federal Rule of Civil Procedure 12, any right to compel arbitration, and all objections to class certification. No statement in this Notice is an admission of any of the Petition's allegations.

HSA therefore removes this action from the Circuit Court of St. Louis County, Missouri.

Dated: August 7, 2026

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Christopher A. Smith*
Christopher A. Smith, #53266MO
Tanner M. Cook, #71846MO
8001 Forsyth Blvd., Ste. 1500
St. Louis, MO 63105
Telephone: 314.480.1500
Chris.smith@huschblackwell.com
Tanner.cook@huschblackwell.com

Counsel for Defendant
Home Security of America, Inc.